Now I turn to the regular RRR crewman calendar, and the first case is United States v. Shannon Fraynard. Thank you. Good morning, your honors. Good morning. May it please the court. My name is Colleen Cassidy, and I represent Shamir Fraynard on appeal from his conviction for violating 18 U.S.C. 924C. Mr. Fraynard, who is 22 years old, is serving a federal mandatory five-year sentence for possessing a .25 caliber pistol. This is a New York State offense ranging from a Class A misdemeanor to a Class D felony. Mr. Fraynard had no felony conviction, so could not be charged federally as a felon in possession of the firearm. What made this a federal offense with a five-year mandatory prison term was Mr. Fraynard's involvement in helping a stranger who turned out to be an undercover buy $40 worth of marijuana from a third party. Participation in this $40 marijuana sale was the basis for Mr. Fraynard's conviction for using or in furtherance of a drug trafficking offense. So he did have a gun, didn't he, in his back pocket? He did, but the issue is that there is no evidence that the gun had anything to do with this small marijuana sale. But haven't we held that just being proximate to the drug sale is enough? Being in the same room with guns and drugs? Your Honor, actually those cases, all the extra evidence in those cases, which are Snow and Luder and other drugs, or large drug proceeds, that they're protecting something, something big, not just a person. Is your argument that the $40 that he got for this was too small to have a gun in furtherance? Yes, that is part of my argument, exactly, Your Honor, that this was such- It wouldn't be worth protecting? No, that this was such a small time. And there's no evidence, by the way, that this was a regular thing that he did. There's no evidence that he was in the business. There was no evidence that he was doing anything on the corner before the undercover approached him. There could not be such evidence. It would have been excluded. It would have shown propensity. It would have been improper to use it. Well, no, first of all, there could have been. What were the motivations to federalize this case? For some reason, the US Attorney decided to take this case away from the state prosecutor. The state prosecutor wanted it taken away. It seems we'd be closing our eyes if we don't think there was something more going on here than a $40 drug sale. Well, Your Honor, there's no evidence that there was anything else going on. And we have to go by the evidence. We can't speculate about what was going on. We do know that if there had been other evidence, they could have obtained it. They had his cell phone twice and gave it back to him. Are we allowed to take into account that the district court gave this guy, who had a pretty long history. He may not have had a federal criminal history, but a pretty long history of being involved in drug case, was given by the district court just a day for his drug sale. So that the total sentence would be the five years. Now, the Supreme Court has allowed district courts to do that in cases of mandatory consecutive. And the district court took advantage of that. Are we allowed to look at that? Your Honor, before I answer that, I just have to correct a misunderstanding. This defendant had no history of involvement in drugs. He had a very, very small record of a misdemeanor for something very minor. I have his PSR right here. I pointed that out in my brief, that he had no history. There was no 404B evidence available. If he had had a history of drug dealing, then 404B evidence would have been available. He had no history whatsoever. I think it was, we have the pending charge here. His criminal history involved one juvenile delinquent counterfeiting, when he was age 15, for which he got probation. And his other offense was uttering a forged document when he was 20. And there was no sentence- He was really someone who had a very, very minor criminal history. So to get, okay, I'm sorry. So I was, to answer your question about the judge gave him two days on that offense because this was a heavy, heavy, heavy sentence for someone who's first time felony. That's why the judge gave him that sentence. And if this court vacates the 924C count, the judge would be able to re-sentence him, of course. He's already served a year, but- Would the judge be able to re-sentence someone with marijuana? Yes, yes, yes. The judge- You would have no objection? You wouldn't say that sentence is set, and that's a separate sentence from this? Are you- No, I don't think we would have any basis for objecting. But you're telling the court that you would be willing to let the district court re-sentence completely, taking into account time served, of course, and everything else, but re-sentence? Yes, exactly, Your Honor. Okay, thank you. Counsel, what about the testimony of Officer Shikaki, who was the person who frisked him? And he said that Mr. Fraynard reached his hand behind his back as he was arresting him and frisking him. Doesn't that show he was prepared to use this little gun if he had to? Your Honor, the entire testimony is that Officer Shikaki testified that he moved his hand toward his back pocket. And Officer Shikaki was so unconcerned that he might have a gun, he didn't even think of it, that he told him to keep his hands in front and didn't frisk him. He did not frisk him. He was just standing there. They were holding three to five men for detention, waiting for the undercover to come back and identify the person he dealt with. And he slid his hand toward the back. This is more like a consciousness of guilt. My God, I have a gun in my pocket. Maybe I can get rid of it, some kind of gesture like that. There was no indication that Officer Shikaki was in fear of anything or thought anything dangerous was going on. In fact, a salient point here is that when Officer Shikaki did finally arrest him after he was identified and frisked him and found the gun. He was shocked. He expressed his shock. He said, what the? Because he never expected someone at this level to be carrying a gun because someone at this level does not need a gun to protect anything. This was just a guy in the street corner doing nothing, offering to connect, to hook up a potential buyer of $20 marijuana sales. It was from one place to another place to effectuate the drug transaction to serve as a steerer while he's carrying the gun. And I want to take you to the language of Lutter, which says that carrying that gun is considered to be in furtherance of the crime if it gives him some advantage, actual or potential, real or contingent. And my question to you is, if your undercover had decided, for whatever reason, I'm not going to pay for these drugs. I'm taking the drugs and I'm going, doesn't that give your client a potential advantage, the fact that he has a gun on him and can use it? Well, that's in theory, but all the cases say that mere possession is not enough to prove that advantage. If there's a potential contingent advantage, then it's no longer mere possession. Isn't that the distinction between mere and being in furtherance? But there has to be evidence that it was intended to confer that advantage. In Lutter, we have to look at not just that rather broad language of Lutter, but also the language in the Supreme Court decision of Muscarello, but also the facts of Lutter. Lutter involved guns that were in close proximity in the same room with a drug stash, drug packaging, paraphernalia, and drug proceeds. I just would like to refer the court to the Muscarello language, which was defining carry. There the defendant had admitted that he carried it for the purpose of facilitating the drug transaction. And the only question was what the little word carry meant, the single word carry meant. But in the court, in rejecting the defendant's argument that carry had to mean on the person, it couldn't mean in a car. The court said, in our view, the fears that the defendant is positing, that someone could be convicted of carrying a gun with no bearing on the drug transaction, was prevented because Congress added these words during and, italicized and, in relation to a drug crime. And what Judge Kogan is positing is, would read out those words, and in relation to. And- I don't think it would, because it's still, you have the dynamic of the gun moving along with the criminal throughout the crime. And that, to me, is your hardest issue, because it's more than happenstance. It's more than mere possession. It's something that is there for use if needed. Well, that would be carrying during, and not in relation to. And the in relation to requires more. And what the Supreme Court said was that Congress added these words, and in relation to, to prevent prosecution where guns played no part in the crime. And in relation to was added to allay explicitly the concern that a person could be prosecuted for committing an entirely unrelated crime while in possession of a firearm. And that's what happened here. All right, we'll move on. You reserve two minutes for rebuttal. Thank you. From the government. Good morning, your honors, and may it please the court. My name is Matthew Higgins. I represent the United States in this case, and I prosecuted the case at trial. The question presented is whether an individual who carries a concealed firearm on his person for the entirety of a drug transaction is guilty of possessing, carrying, or using that firearm. The answer to that question is yes, and the court should affirm the judgment. Haven't we said that there has to be some indication more? I mean, if we go along with you here, where the person was a steerer and there was only $40 involved, not enough to warrant any kind of firearm or anything of that sort. Aren't we essentially saying that anybody who has a gun and is involved in a drug transaction, that gun, with a five year consecutive minimum, is enough to get to a jury. And that, at least, there is some language in some cases that says no. So I want to know, do you have a case with a steerer and with as little money involved as this one? I don't have a case directly presenting exactly these facts, your honor. I think it's important for the court to consider that in order to win this count at trial, the government had to prove two distinct relationships. Yeah, and the charge to the jury could not have been clearer. I mean, to the extent that we're saying, basically, this is a jury issue to decide that. The charge to the jury was about as clear as could be. It had to be in fervorance. Not based on the text of the statute and based on the cases that are post the Supreme Court's Bailey decision, your honor. There are two relationships the government has to establish to prove guilt. The first is the relationship between the defendant and the firearm itself, that he knowingly possessed, used, or carried it. And that's undisputed in this case. The second is the relationship between the firearm and the drug offense. In the case of possession, that firearm must be in furtherance of the drug offense. In the case of use or carrying, the firearm must be used or carried during and in relation to the drug offense. And on this record, I don't think there's a significant dispute that the facts established that the firearm was carried during and in relation to the drug offense. Try changing the facts for me, since I think you would agree that mere possession is not sufficient, right? Yeah, that's clear from the case law, your honor, yes. So then tell me, what fact would you take away from what actually happened here that would render it mere possession? I think if this were a case where the undercover approached the defendant at the street corner and asked where he could acquire marijuana, and the defendant merely referred him, said, go talk to this guy across the street, I think that might present, at least, I'm not willing to concede, I don't know what some future case will bring, but that might be closer to a mere- Case, you've said, and what's the difference between who acts first? I mean, are you saying that basically, a person who acts first, that's enough to get to a jury, but somebody who asks him, that's not? Because if not, as Judge Cogan suggested, what is the case of mere possession? Your honor, the statute doesn't, the statute at issue in counts one and two, which are not raised on this appeal, 21 U.S.C. 841, that statute does not differentiate between who acts first, second, third, or at any point in the conspiracy. It's clear from the record that the defendant knowingly joined a conspiracy with the provider of the narcotics. He spoke with him in coded language, in several phone calls. He was not confused when the undercover approached him and said, where can I get Bud? He knew what the undercover was talking about. He had a source at the ready, and went on to vouch for the source. And then- Are you saying that if somebody is not involved in a conspiracy, then it's different? Is that, I mean, that's essentially, I'm trying to figure out what your answer to Judge Cogan really means. Are you saying somebody who is not involved in a conspiracy, and is a steerer, and has a gun, but that might be pure possession, but where there is a conspiracy that the person is in, then regardless what his role in the conspiracy is, as it was in this case, it is in relationship to? I think it would be difficult for one to perform a steerer role, but not participate in a conspiracy. Yeah. The other point I would make, Your Honor, is- I'm coming back. I keep trying to figure out what it is that you are saying to Judge Cogan would be mere possession. I mean, the hypothetical you gave was if he just points, go there, go here. Whereas instead, as I understand the facts here, he escorted the undercover to the buyer. So it's the movement with the gun in his pocket, the guns moving along the street with the person. Is that what distinguishes it from mere possession? Well, I think that's what makes it carrying, Your Honor, carrying during and in relation to. If this court concludes that carrying is satisfied, there's no need to pass to either possession or use. However, I think possession could also be established on this record because it was not mere possession. We could consider a hypothetical case in which, say the duration of the conspiracy was longer. And the defendant said, well, my boy is out of town. Come back tomorrow, and tomorrow I'll escort you, and then the sequence of events happens as- Let's just put the question, what is carrying not in relation to? I mean, we asked it under possession, but the same question can be asked with respect to carrying and have it not be in relation. It's the same question with respect to self. So tell me what is carrying that is not in relation to? Yes, Your Honor, consider a case in which instead of a quarter of an hour, the conspiracy lasted for a day. And during that day, the defendant for some limited period went to the shooting range or carried his firearm to the grocery store. He was certainly a member of the conspiracy during that period. He was participating in that conspiracy during that period. I think the government on that set of facts would be hard pressed to argue that the possession of the firearm at the shooting range was in furtherance of the drug conspiracy. Or that the carrying of the firearm at the shooting range was in relation to the drug conspiracy. It was certainly during the drug conspiracy, but the aspect of in relation to or in furtherance of would be entirely missing. Here, however, the defendant's firearm is present for the entirety of his offense conduct. It's on his person when the undercover approached him. It's on his person when he negotiates the terms of the sale with the undercover. It's on his person when he escorts the undercover to the site. So a person who is a steerer and expects to get no more than 40 bucks, if he wants to avoid a five year mandatory consecutive sentence, has to somehow get rid of a gun for the time when he's doing the steering? Well, the government's not required to prove in either section 841 or in section 924C that the drug trafficking offense is particularly large, or that the defendant- No, no, no, I'm not saying that they are. If there is, I'm just asking what is enough, the fact that it is small and the fact that the person is a steerer. You don't have to prove more, you have to prove something. And my question, I'm just trying to figure out what the difference is between nothing and enough. And this is a very close case to me. Understood, Your Honor. I think the simplest resolution for this court would be to resolve the case on the carrying aspect. There's no dispute from Justice O'Connor's opinion in Bailey. She notes in, I think it's fair to say it would be dicta, but I think this court could rely upon it. That carrying a concealed firearm present during the entirety of a drug transaction would constitute carrying under that statute. That's a version of the statute that predates the addition of the possession language. And the Supreme Court was struggling with what does use mean, what does carry mean? And Justice O'Connor gave that example, carrying a firearm concealed in one's clothing, I believe, was her terminology. For the entirety of a drug transaction would satisfy the carrying aspect of the statute as that statute existed at the time. Counsel? Yes, Your Honor. You don't rely on the section I read to opposing counsel where the officer said he reached in the back? That would be more use than carrying? I certainly think the fact that the defendant reached for the firearm when approached by law enforcement. The jury was certainly entitled to infer that meant he knew it was there and it was certainly relevant for evidentiary purposes in terms of proving consciousness of guilt. In terms of use, I think that is one of the elements that this court could rely upon to prove use. I think if the court has rejected possession and rejected carry, I think use would be certainly a more difficult ground to resolve this case upon, but that is a fact that the court could look to. He's aware of a potent tool present to defend himself in that moment. I see my time has expired. Thank you, Your Honors. Ms. Cassidy, you're reserved two minutes for rebuttal. Just to the point that Bailey said that this would be carrying. I urge the court to read Bailey. Bailey did not address carrying at all. It only addressed use and it remanded for the court of appeals to discuss whether carrying was made out. And later, when the Congress added the possession and furtherance provision to allow for possession and furtherance, the Congress said that that circumstance probably would not even be possession and furtherance, just possession during a transaction. We're finding this fairly difficult. But I think the hardest thing you have to overcome is that, admittedly, proper instructions were given to a jury. And a jury applying those instructions found that, in fact, we can infer, there was in furtherance, and the statutory elements were satisfied. Is it irrational for them to have found that? Because that's really the standard. Well, it was unreasonable, which is the standard. It was unreasonable, but there is a constitutional threshold that this court's province to decide, even if a jury is wrong. And the argument that was made, that the government made to the jury on this element, was that he knew exactly what he was doing, he was involved in drug dealing, he went to that corner to deal drugs, and there was no evidence for that. There was actually no evidence supporting that. There- He had a system in place to get drugs when the undercover asked for bud. Well, he knew someone. He knew someone. Maybe it was his drug provider. Maybe he had bought drugs from Eric before, Eric Victor. He knew someone who dealt small quantities of marijuana in the neighborhood who was either a friend or an acquaintance or an associate of some sort. That's all the evidence proved. And they could have proved more if there had been more. They had his phone, they had his cell phone twice, they gave it back to him. There was nothing going on there. Is it unconstitutional in your terms for us to read the statute that where a person has a gun during the whole time of what is a drug transaction, a jury can find, properly instructed, need not find but can find that this is in relation to that transaction? Would that be a reading that would be an unacceptable, an impossible reading? Yes, yes it is, because it would read out the in relation to. The during and in relation to requires more than during. And that is clear. That's clear from Muscarello. That's clear from the cases in this court and the Ninth Circuit which have addressed this issue. During is not enough. And that's what the government's case comes down to, is because he had it during a, by the way, five minute transaction, which was- That it was carrying, that it was carrying while during. He had it on- He was carrying, but the statute requires carrying during and in relation to, not just carrying during. And the government's case comes down to carrying during. Now, I just want to point out one factual error. I think there was some confusion on the government's argument. Mr. Franit did not act first in the approach. And it was the undercover who went up to him. There was nothing about, he was doing nothing soliciting marijuana sales at all. There was no evidence of that. And- He had no sign up saying come- No, and he wasn't saying buds, buds, or anything like that. The hypothetical posed by the government where if he asked for where I could get marijuana and Mr. Franit just pointed over there, that would not even be steering. That would be no crime at all. That would probably not allow him to be convicted at all. So that's a hypothetical that does not answer the question. Thank you, counsel. Thank you. Thank you both. We'll reserve decision. Well argued by both sides. Thank you.